# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Reissued for Public Availability Date: May 28, 2026

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| SARAH SAVAGE, *<br>*on behalf of R.S., a minor,* * | |
| * | No. 25-1749V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | |
| * | Filed: May 5, 2026 |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Sarah Savage, pro se, Dripping Springs, TX;
James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1] [2]

On October 16, 2025, petitioner Sarah Savage filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 et seq. (2012). Petitioner alleged that an influenza vaccine administered to her son, R.S., on October 29, 2022, caused R.S. to suffer an episode of vasovagal syncope.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

[2] Pursuant to Vaccine Rule 18(b), this Ruling was initially filed on May 5, 2026, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Ruling is reissued in its original form for posting on the Court's website.

On May 4, 2026, respondent filed his Rule 4(c) Report, conceding that petitioner is entitled to compensation in this case. Resp't's Rep. at 1. Specifically, respondent states:

> Respondent recommends that petitioner be found entitled to compensation. R.S.'s alleged injury is consistent with vasovagal syncope as defined by the Vaccine Injury Table. Specifically, R.S. suffered vasovagal syncope within one hour of his October 29, 2022 flu vaccination, and there is not apparent alternate cause. *See* 42 C.F.R. § 100.3(a)(XIV)(B), (c)(13). Additionally, the evidence supports that R.S. suffered the residual effects of his condition for more than six months. See 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the current record, petitioner has satisfied all requirements for compensation under the Act. See 42 U.S.C. § 300aa-13(a)(1)(A-B).

Id. at 4-5. Respondent also notes that the scope of damages to be awarded should be limited to R.S.'s vasovagal syncope and related sequelae only. Id.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

2